| | |
|---|---|
| COOLEY LLP<br>MICHAEL G. RHODES (116127)<br>(rhodesmg@cooley.com)<br>KATHLEEN R. HARTNETT (314267)<br>(khartnett@cooley.com)<br>AARTI REDDY (274889)<br>(areddy@cooley.com)<br>KYLE C. WONG (224021)<br>(kwong@cooley.com)<br>REECE TREVOR (316685)<br>(rtrevor@cooley.com)<br>3 Embarcadero Center, 20th Floor<br>San Francisco, California 94111-4004<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222<br><br>COOLEY LLP<br>ANGELA DUNNING (212047)<br>(adunning@cooley.com)<br>ALEX KASNER (310637)<br>(akasner@cooley.com)<br>3175 Hanover Street<br>Palo Alto, California 94304-1130<br>Telephone: (650) 843-5000<br>Facsimile: (650) 849-7400<br><br>Attorneys for Defendant<br>TWITTER, INC. | ENVISAGE LAW<br>JAMES R. LAWRENCE, III (NC Bar No. 44560)*<br>(jlawrence@envisage.law)<br>ANTHONY J. BILLER (NC Bar No. 24117)*<br>(ajbiller@envisage.law)<br>2601 Oberlin Road, Suite 100<br>Raleigh, North Carolina 27608<br>Telephone: (919) 755-1317<br>Facsimile: (919) 782-0452<br>*admitted *pro hac vice*<br><br>CHARIS LEX P.C.<br>SEAN P. GATES (186247)<br>(sgates@charislex.com)<br>301 N. Lake Ave., Ste. 1100<br>Pasadena, California 91101<br>Telephone: (626) 508-1715<br>Facsimile: (626) 508-1730<br><br>Attorneys for Plaintiff<br>ALEX BERENSON |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX BERENSON,<br><br>      Plaintiff,<br><br>v.<br><br>TWITTER, INC.,<br><br>      Defendant. | Case No. 3:21-cv-09818-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: April 28, 2022<br>Time: 8:00 a.m. |

Pursuant to Civil Local Rule 16-9(a), the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, and Paragraphs 2 and 3 of Judge Alsup's Supplemental Order to Order Setting Initial Case Management Conference, the parties submit this Joint Case Management Statement in advance of the case management conference scheduled for April 28, 2022.

### I. JURISDICTION AND SERVICE

Plaintiff's Complaint alleges that the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. The Complaint further alleges that jurisdiction over Plaintiff's First Amendment claim is conferred by 28 U.S.C. § 1331 and that jurisdiction over his claims under California law is conferred by 28 U.S.C. § 1367. The Court has personal jurisdiction over Defendant. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and to Paragraph 6 of Twitter's Terms of Service. All parties have been served. *See* ECF No. 8.

### II. ALLEGED FACTS

Plaintiff alleges that he had an account on Twitter, Defendant's social media platform, account during the COVID-19 pandemic, which he used to Tweet regarding a number of issues concerning the pandemic, including the efficacy of measures like mask-wearing and vaccines. Between May 2020 and May 2021, Plaintiff alleges that he maintained an email correspondence with a Twitter employee regarding Plaintiff's Tweets and Twitter's approach to misinformation regarding COVID-19 on the platform, and that the employee provided him "assurances" related to these topics. Between May and August of 2021, Defendant affixed labels to posts regarding COVID-19 that Plaintiff authored on Twitter. Plaintiff further alleges that on August 28, 2021, Defendant permanently suspended Plaintiff from Twitter for violating the platform's misleading information policy. Plaintiff alleges that the federal government played a role in his suspension from Twitter. He contends that as a result of Defendant's actions, he has suffered injuries, including to the size of the audience for his publications and his ability to sell those publications.

Based on these events, Plaintiff asserts that Defendant violated the First Amendment to the U.S. Constitution and 15 U.S.C. § 1125(a). Plaintiff also asserts claims under the California Constitution; California Business & Professions Code § 17000 *et seq.*; California Civil Code

§§ 2168, 2169, 2209; and common law claims for breach of contract, promissory estoppel, and unjust enrichment.

Twitter denies these allegations, their sufficiency to state a claim, and Plaintiff's ability to prevail under any legal theory in his Complaint.

### III. LEGAL ISSUES

The central legal questions currently before the Court are those raised by Defendant's Motion to Dismiss:

- Whether Plaintiff has stated a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) for each of his eight causes of action,
- Whether the First Amendment bars Plaintiff's claims, and
- Whether Section 230 of the Communications Decency Act bars Plaintiff's claims.

The parties anticipate that if the Complaint is not dismissed in full, additional legal issues will need to be resolved by the Court.

### IV. MOTIONS

Defendant's Motion to Dismiss Plaintiff's Complaint is fully briefed and set for hearing on April 28, 2022. *See* ECF Nos. 27, 32, 33.

### V. AMENDMENT OF PLEADINGS

The parties do not anticipate any amendment to the pleadings at this stage. Should the Court deny Twitter's motion to dismiss or grant dismissal with leave to amend, the parties will propose appropriate deadlines for amendment of any future pleadings.

### VI. PRESERVATION OF EVIDENCE

The parties are aware of their document preservation obligations, have conferred regarding those obligations, and have taken steps to preserve potentially relevant evidence. The parties have reviewed the Northern District's Guidelines Relating to the Discovery of Electronically Stored Information.

### VII. INITIAL DISCLOSURES

By mutual agreement, the parties have not yet exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a). The parties agree that discovery should be stayed pending

the Court's ruling on the sufficiency of Plaintiff's pleadings. Should the Court permit any of Plaintiff's claims to move forward, the parties agree that they will exchange initial disclosures no later than fourteen days after Defendant files its Answer to Plaintiff's then-operative complaint.

### VIII.   DISCOVERY

In light of their agreement to stay discovery pending resolution of Defendant's motion to dismiss, the parties agree that it is premature to propose a discovery plan before that motion is resolved. Should the Court permit any of Plaintiff's claims to move forward, parties agree that they will meet and confer to develop a discovery plan no later than fourteen days after Defendant files its Answer to Plaintiff's then-operative complaint.

### IX.   CLASS ACTIONS

This case is not a prospective class action.

### X.   RELATED CASES

There are no related cases pending in any forum.

### XI.   RELIEF

Plaintiff's Complaint seeks the following relief: (i) an injunction requiring Defendant to carry Plaintiff's messages, Tweets, and other content; (ii) an injunction against Defendant's alleged violations of the First Amendment, the California Constitution, and 15 U.S.C. § 1125(a); (iii) damages in an amount to be proven on account of Plaintiff's alleged violations of state and federal law; and (iv) any other relief the Court deems just and proper. *See* ECF No. 1 at 69. Defendant anticipates that in the event this case proceeds to discovery, the proper basis for calculation of damages will be the subject of fact and expert discovery.

### XII.   SETTLEMENT AND ADR

The parties have conferred about potential settlement or alternative dispute resolution mechanisms but believe that engaging in such efforts would be premature pending resolution of Defendant's Motion to Dismiss.

### XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to this case being assigned to a magistrate judge for all purposes.

### XIV. OTHER REFERENCES

The parties do not consider this case suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES

The parties believe that it is premature to discuss potential narrowing of issues in the case pending resolution of Defendant's Motion to Dismiss, but will do so promptly should the Court permit any of Plaintiff's claims to move forward.

### XVI. EXPEDITED TRIAL PROCEDURE

The parties agree that this is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

### XVII. SCHEDULING

The Court will hear argument on Defendant's Motion to Dismiss on April 28, 2022 at 8:00 a.m. The parties agree that it is premature to set a schedule for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial prior to the resolution of Defendant's Motion to Dismiss.

### XVIII. JURY TRIAL

Plaintiff's Complaint demands a jury trial on all issues so triable. The parties agree that it is premature to estimate the anticipated length of trial prior to the resolution of Defendant's Motion to Dismiss.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendant filed its Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-15 on January 10, 2022. ECF No. 24. Defendant certifies that as of the date of this filing, other than the named parties, there is no such interest to report.

Plaintiff filed his Certification of Interested Parties pursuant to Civil Local Rule 3-15 on April 20, 2022. ECF No. 34. Plaintiff certifies that as of the date of this filing, other than the named parties, there is no such interest to report.

///

///

## XX. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OPPORTUNITIES FOR JUNIOR LAWYERS

Plaintiff is not represented by any law firm with more than fifty lawyers.

Defendant is represented by Cooley LLP, a law firm which has more than fifty lawyers. Although Defendant believes the case should be dismissed for the reasons set forth in its Motion to Dismiss, should the case proceed past the pleadings stage, Defendant anticipates opportunities for junior lawyers to argue discovery and evidentiary motions, and to depose fact and expert witnesses or defend such depositions. At this stage of the litigation and because the parties have agreed to stay discovery, Defendant believes it is premature to attempt to identify such motions and depositions with greater specificity. Of Defendant's current counsel of record, Reece Trevor graduated law school fewer than six years ago, and Defendant anticipates that Mr. Trevor would have opportunities like those described above if this case proceeds past the pleadings stage, as would other junior lawyers who may later appear in the case. Given Defendant's position that such opportunities should be provided, Defendant does not believe it would be useful to require client representatives to attend the upcoming case management conference where this subject will be discussed.

Respectfully submitted,

Dated: April 21, 2022

COOLEY LLP

By: */s/ Kyle C. Wong*
Kyle C. Wong

Attorneys for Defendant
TWITTER, INC.

| | | |
|---|---|---|
| 1 | Dated: April 21, 2022 | CHARIS LEX P.C. |
| 2 | | |
| 3 | | By: */s/ James R. Lawrence* |
| 4 | | James R. Lawrence, III |
| 5 | | Attorney for Plaintiff<br>ALEX BERENSON |

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to Civ. L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from counsel for Plaintiff.

Dated: April 21, 2022                               By: */s/ Kyle C. Wong*
                                                                    Kyle C. Wong

267251731