COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
KATHLEEN R. HARTNETT (314267)
(khartnett@cooley.com)
AARTI REDDY (274889)
(areddy@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
REECE TREVOR (316685)
(rtrevor@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:      +1 415 693 2000
Facsimile:      +1 415 693 2222

ANGELA DUNNING (212047)
(adunning@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:      (650) 843-5000
Facsimile:      (650) 849-7400

ALEXANDER J. KASNER (310637)
(akasner@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington DC  20004-2400
Telephone:      (202) 842-7800
Facsimile:      (202) 842-7899

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX BERENSON, | Case No. 3:21-cv-09818-WHA |
| Plaintiff, | **DEFENDANT TWITTER, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| TWITTER, INC., | |
| Defendant. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA**

Defendant Twitter, Inc. ("Twitter") hereby answers Plaintiff Alex Berenson's Complaint for Damages and Injunctive Relief (ECF No. 1) as follows. Any and all allegations not specifically admitted herein are denied. Except as otherwise stated, Twitter denies the factual allegations, if any, contained in headings, subheadings, tables of contents, unnumbered paragraphs, figures, and footnotes in the Complaint. Twitter repeats all headings here for organizational purposes only. Each response in this Answer is made subject to the following limitations. First, the responses do not constitute acknowledgement or admission of the validity or relevance of any allegation. Second, where Twitter states that it lacks knowledge or information sufficient to form a believe about the truth of an allegation, Twitter reserves the right to argue that the allegation is true or false based on evidence. Twitter reserves the right to seek leave to amend or supplement its Answer as necessary.

**INTRODUCTION**

1.      Twitter admits that "defending and respecting the user's voice is one of our core values" appears on the web page at https://help.twitter.com/en/rules-and-policies/defending-and-respecting-our-users-voice. The remainder of Paragraph 1 contains Plaintiff's characterizations of his claims and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 1.

2.      Paragraph 2 consists of Plaintiff's characterizations of his claims to which no response is required. To the extent a response is required, Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and on that basis denies them.

3.      Twitter admits that a Twitter employee sent Plaintiff a message in December 2020 containing the phrase "should not be an issue at all," but that phrase is taken out of its complete context. Twitter admits that a Twitter employee sent Plaintiff a message in March 2021 containing the statement, "your name has never come up in the discussions around these policies," but that phrase is taken out of its complete context. Due to technical restrictions on Twitter's ability to access data regarding Tweet impressions, Twitter presently lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that "in August 2021 his [T]weets were viewed approximately 182 million times" and on that basis denies it. The remainder of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

Paragraph 3 contains Plaintiff's characterizations of his claims to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 3.

4.     Because Plaintiff's reference to "thousands of tweets" is unspecific, Twitter lacks knowledge or information sufficient to form a belief about the truth of that allegation. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4.

5.     Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 regarding statements by Dr. Anthony Fauci and President Biden. Twitter admits that Plaintiff's Twitter account was suspended for the first time on July 16, 2021. The remainder of Paragraph 5 contains Plaintiff's characterizations of his claims to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 5.

6.     Twitter admits that it permanently suspended Plaintiff from Twitter on August 28, 2021 and that it subsequently used the phrase "repeated violations of our COVID-19 misinformation rules" in comments on that topic, but that phrase is taken out of its complete context. The remaining allegations in Paragraph 6 are Plaintiff's characterizations of his claims and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 6.

7.     Twitter admits that it has invoked the First Amendment and Section 230 of the Communications Decency Act as defenses in lawsuits. Twitter admits that courts have dismissed lawsuits against social media companies including Twitter based on Section 230 of the Communications Decency Act. To the extent Paragraph 7 contains additional allegations, Twitter denies those allegations.

8.     Paragraph 8 contains Plaintiff's characterization of his claims and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 8.

9.     Twitter admits that the quoted material in Paragraph 9 appears in the source cited, but has been taken out of its complete context. The remaining allegations in Paragraph 9 are legal

Cooley LLP
Attorneys at Law
San Francisco

3

Defendant Twitter, Inc.'s Answer to
Plaintiff's Complaint
Case No. 3:21-cv-09818-WHA

conclusions to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 9 and notes that the Court has dismissed Plaintiff's claim under Cal. Civ. Code § 2169.

10.    Twitter admits that the quoted material in Paragraph 10 appears in the source cited, but has been taken out of its complete context. The remainder of Paragraph 10 contains Plaintiff's characterizations of his claims and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 10 and notes that the Court has dismissed Plaintiff's claim under Cal. Civ. Code § 2169.

11.    Twitter admits that the quoted material in Paragraph 11 appears in the source cited, but has been taken out of its complete context. To the extent Paragraph 11 contains other allegations, those allegations are Plaintiff's characterizations of his claims and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 11 and notes that the Court has dismissed Plaintiff's claim under Cal. Civ. Code § 2169.

12.    Paragraph 12 contains Plaintiff's characterizations of his claims and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 12 and notes that the Court has dismissed Plaintiff's claim under the First Amendment.

13.    Paragraph 13 contains Plaintiff's characterizations of his claims and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 13 and notes that the Court has dismissed Plaintiff's claims under the Lanham Act and California's Unfair Competition Law.

14.    Twitter admits that the quoted material in Paragraph 14 appears in the source cited and pertained to interactions with the Government of India, but has been taken out of its complete context. The remaining allegations in Paragraph 14 contain Plaintiff's characterizations of his claims and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 14.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-cv-09818-WHA

**PARTIES**

15.     Twitter admits that it is a Delaware corporation with a principal place of business located at 1355 Market Street, Suite 900, San Francisco, California 94103.

16.     Twitter lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's state of residency.

**JURISDICTION**

17.     Paragraph 17's statements regarding Twitter's citizenship and Plaintiff's citizenship are legal conclusions to which no response is required. The assertion that this Court has diversity jurisdiction over this case under 28 U.S.C. § 1332 is a legal conclusion to which no response is required. Twitter lacks knowledge or information sufficient to form a belief about the truth of the value of the damages Plaintiff seeks.

18.     Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 18 and notes that this Court has dismissed all federal claims in this action.

19.     Twitter admits that its headquarters are in San Francisco, California. The remainder of Paragraph 19 contains legal conclusions to which no response is required.

**VENUE**

20.     Twitter admits that its Terms of Service provide that "[a]ll disputes related to these Terms or the Services will be brought solely in the federal or state courts located in San Francisco County, California, United States." The remainder of Paragraph 20 contains legal conclusions to which no response is required.

**DIVISIONAL ASSIGNMENT**

21.     Twitter admits that its headquarters are in San Francisco, California. The remainder of Paragraph 21 contains legal conclusions to which no response is required.

**LEGAL FRAMEWORK**

**I.     Twitter and the Telegraph**

22.     Twitter admits that the quoted material in Paragraph 22 appears in the source cited, but has been taken out of its complete context.

Cooley LLP
Attorneys at Law
San Francisco

5

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

23.     The allegations in Paragraph 23 purport to characterize online articles. Twitter admits that its user base numbers in the hundreds of millions. Twitter also admits that the quoted materials in Paragraph 23 appear in the sources cited, but have been taken out of their complete context. Twitter admits that it derives revenue from advertising and licensing. To the extent Paragraph 23 contains additional allegations, Twitter denies those allegations.

24.     The allegations in Paragraph 24 purport to characterize online articles. Twitter admits that the quoted materials in Paragraph 24 appears in the source cited, but has been taken out of their complete context. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24.

25.     The allegations in Paragraph 25 purport to characterize online articles. Twitter admits that the articles can be found at https://gs.statcounter.com/social-media-stats https://www.forbes.com/sites/ninaangelovska/2019/01/07/facebook-loosing-users-to-pinterest-youtube-and-twitter-market-share-by-region/?sh=6ab17b227746. The allegation that "Twitter has significant market power" calls for a legal conclusion and on that basis, Twitter denies it.  To the extent a further response is required, Twitter lacks knowledge or information sufficient to form a belief as to the basis for the information in the article and on that basis denies it.

26.     The allegations in Paragraph 26 are either Plaintiff's characterizations of these source materials or are legal conclusions, neither of which require a response. To the extent a response is required, Twitter denies the allegations in Paragraph 26.

27.     Twitter admits that it holds patents. The remaining allegations in Paragraph 27 purport to characterize an online article and statutory code sections. Twitter admits that the article and code sections can be found at https://gs.statcounter.com/social-media-stats and Cal. Civ. Code §§ 1798.100 to 1798.199.100, respectively. The remaining allegations in Paragraph 28 consist of Plaintiff's characterizations of the source cited to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 28.

28.     Paragraph 28 purports to characterize an article. Twitter admits that the quoted material in Paragraph 28 appears in the source cited, but has been taken out of its complete context. The remaining allegations in Paragraph 28 consist of Plaintiff's characterizations of the source cited

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 28.

29.     Paragraph 29 purports to characterize an article. Twitter admits that the quoted material in Paragraph 29 appears in the source cited, but has been taken out of its complete context. To the extent Paragraph 29 contains additional allegations, Twitter lacks knowledge or information sufficient to form a belief about the basis for Plaintiff's characterizations in Paragraph 29 and on that basis denies them.

30.     Paragraph 30 purports to characterize a congressional report. Twitter admits that the quoted material in Paragraph 30 appears in the source cited, but has been taken out of its complete context. The remaining allegations in Paragraph 30 consist of Plaintiff's characterizations of the source cited. Twitter lacks knowledge or information sufficient to form a belief about the basis for Plaintiff's characterizations in Paragraph 30 and on that basis denies them.

31.     Paragraph 31 purports to characterize an article. Twitter admits that the quoted material in Paragraph 31 appears in the source cited, but has been taken out of its complete context. The remaining allegations in Paragraph 31 consist of Plaintiff's characterizations of the source cited. Twitter lacks knowledge or information sufficient to form a belief about the basis for Plaintiff's characterizations in Paragraph 31 and on that basis denies them.

32.     Paragraph 32 purports to characterize various cases and an article. Twitter admits that the quoted materials in Paragraph 32 appear in the sources cited, but have been taken out of their complete context. The remaining allegations in Paragraph 32 consist of Plaintiff's characterizations of the sources cited and legal conclusions to which no response is required.  To the extent a response is required, Twitter denies the remaining allegations in Paragraph 32 and notes that the Court has dismissed Plaintiff's claims under the First Amendment.

**II.   The Law Governing Common Carriers and Public Forms**

33.     Paragraph 33 purports to characterize a Supreme Court case. Twitter admits that the quoted materials in Paragraph 33 appear in the source cited, but have been taken out of their complete context. The remaining allegations in Paragraph 33 consist of Plaintiff's characterizations of the source cited and legal conclusions to which no response is required. To the extent a response

Cooley LLP
Attorneys at Law
San Francisco

7

Defendant Twitter, Inc.'s Answer to
Plaintiff's Complaint
Case No. 3:21-cv-09818-WHA

is required, Twitter denies the remaining allegations in Paragraph 33 and notes that the Court has dismissed Plaintiff's claim under Cal. Civ. Code § 2169.

34.     Paragraph 34 purports to characterize cases and sections of the California Civil Code. Twitter admits that the quoted materials in Paragraph 34 appear in the sources cited, but have been taken out of their complete context. The remaining allegations in Paragraph 34 consist of Plaintiff's characterizations of the sources cited and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 34 and notes that the Court has dismissed Plaintiff's claim under Cal. Civ. Code § 2169.

35.     Paragraph 35 purports to characterize various cases. Twitter admits that the quoted materials in Paragraph 35 appear in the sources cited, but have been taken out of their complete context. The remaining allegations in Paragraph 35 consist of Plaintiff's characterizations of the source cited and legal conclusions to which no response is required.  To the extent a response is required, Twitter denies the remaining allegations in Paragraph 35 and notes that the Court has dismissed Plaintiff's claim under Cal. Civ. Code § 2169.

36.     Paragraph 36 purports to characterize a case. Twitter admits that the quoted material in Paragraph 36 appears in the source cited, but has been taken out of its complete context. The remaining allegations in Paragraph 36 consist of Plaintiff's characterizations of the source cited and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 36 and notes that the Court has dismissed Plaintiff's claim under Cal. Civ. Code § 2169.

37.     Paragraph 37 purports to characterize Twitter's 2020 Form 10-K and other public statements. Twitter admits that the quoted materials in Paragraph 35 appear in the sources cited, but have been taken out of their complete context. The remaining allegations in Paragraph 37 consist of Plaintiff's characterizations of the sources cited and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 37 and notes that the Court has dismissed Plaintiff's claim under Cal. Civ. Code § 2169.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

38.     Paragraph 38 purports to characterize various cases. Twitter admits that the quoted materials in Paragraph 38 appear in the sources cited, but have been taken out of their complete context. The remaining allegations in Paragraph 38 consist of Plaintiff's characterizations of the sources cited and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 38 and notes that the Court has dismissed Plaintiff's claim under Cal. Civ. Code § 2169.

39.     Paragraph 39 purports to characterize a case and sections of the California Civil Code. Twitter admits that the quoted materials in Paragraph 39 appear in the sources cited, but have been taken out of their complete context. The remaining allegations in Paragraph 38 consist of Plaintiff's characterizations of the sources cited and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 39 and notes that the Court has dismissed Plaintiff's claim under Cal. Civ. Code § 2169.

40.     Paragraph 40 purports to characterize various cases. Twitter admits that the quoted materials in Paragraph 40 appear in the sources cited, but have been taken out of their complete context. The remaining allegations in Paragraph 40 consist of Plaintiff's characterizations of his claims and the sources cited and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 40 and notes that the Court has dismissed Plaintiff's claim under Cal. Civ. Code § 2169.

41.     Paragraph 41 purports to characterize a case. Twitter admits that the quoted material in Paragraph 41 appears in the source cited, but has been taken out of its complete context. The remaining allegations in Paragraph 41 consist of Plaintiff's characterizations of the sources cited and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 41 and notes that the Court has dismissed Plaintiff's claim under the California Constitution.

42.     Twitter admits that as of the date of the Complaint, its market capitalization exceeded $40 billion. The remainder of Paragraph 42 contains legal conclusions to which no response is required. To the extent a response is required, Twitter denies the allegations in

Cooley LLP
Attorneys at Law
San Francisco

9

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

1  Paragraph 42 and notes that the Court has dismissed Plaintiff's claim under the California
2  Constitution.

3      43.     Paragraph 43 purports to characterize a case. Twitter admits that the quoted material
4  in Paragraph 43 appears in the source cited, but has been taken out of its complete context. The
5  remaining allegations in Paragraph 43 consist of Plaintiff's characterizations of the sources cited
6  and legal conclusions to which no response is required.  To the extent a response is required, Twitter
7  denies the remaining allegations in Paragraph 43 and notes that the Court has dismissed Plaintiff's
8  claim under the California Constitution.

9      44.     Paragraph 44 purports to characterize multiple cases. Twitter admits that the quoted
10  materials in Paragraph 44 appear in the sources cited, but have been taken out of their complete
11  context. The remaining allegations in Paragraph 44 consist of Plaintiff's characterizations of the
12  sources cited and legal conclusions to which no response is required. To the extent a response is
13  required, Twitter denies the remaining allegations in Paragraph 44 and notes that the Court has
14  dismissed Plaintiff's claim under the California Constitution.

15      45.     Paragraph 45 purports to characterize a case and the Dormant Commerce Clause.
16  Twitter admits that the quoted material in Paragraph 45 appears in the source cited, but has been
17  taken out of their complete context. The remaining allegations in Paragraph 45 consist of Plaintiff's
18  characterizations of the sources cited and legal conclusions to which no response is required.  To
19  the extent a response is required, Twitter denies the remaining allegations in Paragraph 43 and notes
20  that the Court has dismissed Plaintiff's claim under the California Constitution.

21      46.     Paragraph 46 purports to characterize a case. Twitter admits that the quoted material
22  in Paragraph 46 appears in the source cited, but has been taken out of its complete context. The
23  remaining allegations in Paragraph 46 consist of Plaintiff's characterizations of the sources cited
24  and legal conclusions to which no response is required.  To the extent a response is required, Twitter
25  denies the remaining allegations in Paragraph 46 and notes that the Court has dismissed Plaintiff's
26  claim under the California Constitution.

27
28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

### III.   Section 230 of the Communications Decency Act

47.   Paragraph 47 purports to characterize a statute. Twitter admits that the quoted material in Paragraph 47 appears in the source cited, but has been taken out of its complete context. The remaining allegations in Paragraph 47 consist of Plaintiff's characterizations of the sources cited and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 47 and notes that the Court has ruled that Section 230 of the Communications Decency Act bars all of Plaintiff's claims except those for breach of contract and promissory estoppel; Twitter respectfully maintains that Section 230 bars those claims as well.

48.   Paragraph 48 purports to characterize entries in the Congressional Record. Twitter admits that the quoted material in Paragraph 48 appears in the source cited, but has been taken out of its complete context. The remaining allegations in Paragraph 48 consist of Plaintiff's characterizations of the sources cited and legal conclusions to which no response is required.  To the extent a response is required, Twitter denies the remaining allegations in Paragraph 48 and notes that the Court has ruled that Section 230 of the Communications Decency Act bars all of Plaintiff's claims except those for breach of contract and promissory estoppel.

49.   Paragraph 49 purports to characterize entries in the Congressional Record. Twitter admits that the quoted material in Paragraph 49 appears in the source cited, but has been taken out of its complete context. The remaining allegations in Paragraph 49 consist of Plaintiff's characterizations of the sources cited and legal conclusions to which no response is required.  To the extent a response is required, Twitter denies the remaining allegations in Paragraph 49 and notes that the Court has ruled that Section 230 of the Communications Decency Act bars all of Plaintiff's claims except those for breach of contract and promissory estoppel.

50.   Twitter admits that the quoted material in Paragraph 50 appears in the source cited, but has been taken out of its complete context. The remaining allegations in Paragraph 50, to the extent any exist, consist of Plaintiff's characterizations of the sources cited and legal conclusions to which no response is required.  To the extent a response is required, Twitter denies the remaining allegations in Paragraph 50 and notes that the Court has ruled that Section 230 of the

Cooley LLP
Attorneys at Law
San Francisco

Communications Decency Act bars all of Plaintiff's claims except those for breach of contract and promissory estoppel.

51.     Twitter admits that the quoted material in Paragraph 51 appears in the source cited, but has been taken out of its complete context. The remaining allegations in Paragraph 51, to the extent any exist, consist of Plaintiff's characterizations of the sources cited and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 51 and notes that the Court has ruled that Section 230 of the Communications Decency Act bars all of Plaintiff's claims except those for breach of contract and promissory estoppel.

52.     Twitter admits that the quoted material in Paragraph 52 appears in the source cited, but has been taken out of its complete context. The remaining allegations in Paragraph 52 consist of Plaintiff's characterizations of the sources cited and legal conclusions to which no response is required.  To the extent a response is required, Twitter denies the remaining allegations in Paragraph 52 and notes that the Court has ruled that Section 230 of the Communications Decency Act bars all of Plaintiff's claims except those for breach of contract and promissory estoppel.

53.     Twitter admits that the quoted materials in Paragraph 53 appear in the sources cited, but have been taken out of their complete context. The remaining allegations in Paragraph 53 consist of Plaintiff's characterizations of the sources cited and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 53 and notes that the Court has ruled that Section 230 of the Communications Decency Act bars all of Plaintiff's claims except those for breach of contract and promissory estoppel.

54.     Twitter admits that the quoted materials in Paragraph 54 appear in the sources cited, but have been taken out of their complete context. The remaining allegations in Paragraph 54 consist of Plaintiff's characterizations of the sources cited and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 54 and notes that the Court has ruled that Section 230 of the Communications Decency Act bars all of Plaintiff's claims except those for breach of contract and promissory estoppel.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

55.     Twitter admits that the quoted materials in Paragraph 55 appear in the sources cited, but have been taken out of their complete context. The remaining allegations in Paragraph 55 consist of Plaintiff's characterizations of the sources cited and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 55 and notes that the Court has ruled that Section 230 of the Communications Decency Act bars all of Plaintiff's claims except those for breach of contract and promissory estoppel.

56.     Twitter admits that the quoted materials in Paragraph 56 appear in the sources cited, but have been taken out of their complete context. The remaining allegations in Paragraph 56 consist of Plaintiff's characterizations of the sources cited and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 56 and notes that the Court has ruled that Section 230 of the Communications Decency Act bars all of Plaintiff's claims except those for breach of contract and promissory estoppel.

57.     Twitter admits that the quoted materials in Paragraph 57 appear in the sources cited, but have been taken out of their complete context. The remaining allegations in Paragraph 57 consist of Plaintiff's characterizations of the sources cited and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 57 and notes that the Court has ruled that Section 230 of the Communications Decency Act bars all of Plaintiff's claims except those for breach of contract and promissory estoppel.

58.     Twitter admits that the quoted materials in Paragraph 58 appear in the sources cited, but have been taken out of their complete context. The remaining allegations in Paragraph 58 consist of Plaintiff's characterizations of the sources cited and legal conclusions to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 58 and notes that the Court has ruled that Section 230 of the Communications Decency Act bars all of Plaintiff's claims except those for breach of contract and promissory estoppel.

59.     Twitter admits that it permanently suspended Plaintiff from Twitter in August 2021. Twitter lacks knowledge or information sufficient to form a belief about the truth of Paragraph 59's allegation that Plaintiff is an "independent journalist and best-selling author," and on that basis denies it. The remaining allegations in Paragraph 59 consist of Plaintiff's characterizations of his

Cooley LLP
Attorneys at Law
San Francisco

13

Defendant Twitter, Inc.'s Answer to
Plaintiff's Complaint
Case No. 3:21-cv-09818-WHA

claims to which no response is required; to the extent a response is required, Twitter denies these allegations.

**FACTUAL BACKGROUND**

**IV.    Alex Berenson's Use of Twitter Before and During the Early Days of the COVID-19 Pandemic**

60.     Twitter admits that the quoted material in Paragraph 60 appears in the source cited, but has been taken out of its complete context. Twitter admits that the Plaintiff's Twitter account received "Verified" status in or around 2014. Due to technical restrictions on Twitter's ability to access data regarding Plaintiff's follower count, Twitter presently lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation regarding his follower count and on that basis denies it. Twitter lacks knowledge or information sufficient to form a belief as to whether those followers were "drawn to his previous books and reporting." Twitter lacks knowledge or information sufficient to form a belief as to whether "[t]hroughout his career, and like many other journalists, Mr. Berenson has used social media to amplify his reporting."  Twitter denies the remaining allegations in Paragraph 60.

61.     Twitter admits that the quoted material in Paragraph 61 appears in the source cited, but has been taken out of its complete context. Twitter admits that Plaintiff Tweeted about COVID-19 in January 2020 and that this Tweet contained a hyperlink to an article by Nicholas Kristof. Because Plaintiff does not specify the date on which he alleges his Tweet garnered one like and due to technical restrictions on Twitter's ability to access such data even with specific dates, Twitter presently lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that his Tweet "attracted one 'like'" and on that basis denies it. Twitter lacks knowledge or information sufficient to form a belief as to whether "much of the press did not appreciate that the COVID-19 pandemic would become, as NBC's Lester Holt put it later, 'the story of my lifetime'" and on that basis denies the allegation. To the extent Paragraph 61 contains additional allegations, Twitter denies the remaining allegations in Paragraph 61.

62.     Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 regarding Plaintiff's career. The remaining allegations in Paragraph

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

62 consist of Plaintiff's characterizations of his allegations to which no response is required; to the extent a response is required, Twitter denies these allegations.

63.     Twitter admits that Plaintiff Tweeted regarding Neil Ferguson in late March 2020. Twitter admits that the quoted material in Paragraph 63 appears in this Tweet, but has been taken out of its complete context. The remaining allegations in Paragraph 63 consist of Plaintiff's characterizations of his allegation to which no response is required; to the extent a response is required, Twitter denies the allegations.

64.     Twitter admits that Plaintiff Tweeted regarding Neil Ferguson in late March 2020. Twitter admits that the image in Paragraph 64 reflects this Tweet. Twitter admits that it did not attach any label to a Tweet by Plaintiff on March 26, 2020. Pursuant to 18 U.S.C. § 2702(a), Twitter cannot answer to the allegation that Elon Musk retweeted a Tweet by Plaintiff. Because Plaintiff does not specify the date on which he alleges his Tweet garnered certain numbers of likes, retweets, and impressions, and due to technical restrictions on Twitter's ability to access such data even with specific dates, Twitter presently lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding likes, retweets, and impressions and on that basis denies them. To the extent Paragraph 64 contains additional allegations, those allegations consist of Plaintiff's characterizations of his allegations to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 65.

65.     Twitter admits that it did not attach any label to Tweets by Plaintiff in April 2020. Twitter admits that the quoted materials in Paragraph 65 appear in the source referenced, but have been taken out of their complete context. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 65, and on that basis denies them.

66.     Due to technical restrictions on Twitter's ability to access data regarding Plaintiff's follower count, Twitter presently lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation regarding his follower count and on that basis denies it. To the extent Paragraph 66 contains additional allegations, those allegations consist of Plaintiff's characterizations of his allegations to which no response is required; to the extent a response is required, Twitter denies the remaining allegations in Paragraph 66.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

67.     Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 and on that basis denies them.

**V.     Twitter's Evolving Approach to Medical Misinformation During the Early Days of the COVID-19 Pandemic**

68.     Twitter admits that the quoted materials in Paragraph 68 appear in the source cited, but have been taken out of their complete context. To the extent Paragraph 68 contains additional allegations, Twitter denies the remaining allegations in Paragraph 68.

69.     Twitter admits that the quoted materials in Paragraph 69 appear in the source cited, but have been taken out of their complete context. To the extent Paragraph 69 contains additional allegations, those allegations consist of Plaintiff's characterizations of his allegations to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 69.

70.     Twitter admits that the quoted materials in Paragraph 70 appear in the source cited, but have been taken out of their complete context. To the extent Paragraph 70 contains additional allegations, those allegations consist of Plaintiff's characterizations of his allegations to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 70.

71.     Twitter admits that the quoted materials in Paragraph 71 appear in the source cited, but have been taken out of their complete context. Twitter admits that it published a blog post on March 16, 2020, and updated the blog post on April 1, 2020. To the extent Paragraph 71 contains additional allegations, those allegations consist of Plaintiff's characterizations of his allegations to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 71.

72.     Twitter admits that it had not attached any label to Tweets by Plaintiff as of March 18, 2020. Twitter admits that the quoted materials in Paragraph 72 appear in the source cited, but have been taken out of their complete context. To the extent Paragraph 72 contains additional allegations, those allegations consist of Plaintiff's characterizations of his allegations to which no

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 72.

73.     Twitter admits that the quoted materials in Paragraph 73 appear in the source cited, but have been taken out of their complete context. To the extent Paragraph 73 contains additional allegations, those allegations are characterizations of Plaintiff's allegations to which no response is required; to the extent a response is required, Twitter denies the remaining allegations in Paragraph 73.

74.     Twitter admits that the quoted materials in Paragraph 74 appear in the source cited, but have been taken out of their complete context. Twitter admits that it announced a policy regarding COVID-19 misleading information on May 11, 2020. To the extent Paragraph 74 contains additional allegations, Twitter denies the remaining allegations in Paragraph 74.

75.     Twitter admits that the quoted materials in Paragraph 75 appear in the source cited, but have been taken out of their complete context. To the extent Paragraph 75 contains additional allegations, Twitter denies the remaining allegations in Paragraph 75.

76.     Twitter admits that the quoted materials in Paragraph 76 appear in the source cited, but have been taken out of their complete context. To the extent Paragraph 76 contains additional allegations, those allegations consist of Plaintiff's characterizations of his claims to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 76.

77.     Twitter admits that the quoted materials in Paragraph 77 appear in the source cited, but have been taken out of their complete context. To the extent Paragraph 77 contains additional allegations, Twitter denies the remaining allegations in Paragraph 77.

78.     Twitter admits that the quoted materials in Paragraph 78 appear in the source cited, but have been taken out of their complete context. Twitter admits that the web page at https://blog.twitter.com/en_us/topics/product/2020/updating-our-approach-to-misleading-information did not address "discussion or analysis of clinical data, government information, or research articles." To the extent Paragraph 78 contains additional allegations, those allegations

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

consist of Plaintiff's characterizations of his allegations to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 78.

**VI.  With Twitter's full knowledge and personal assurances, Mr. Berenson continues to cover COVID-19 on Twitter, and his following grows**

79.     Twitter lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's characterization of his activity of Twitter in March, April, and May 2020.

80.     Twitter admits that it had not attached any label to Tweets by Plaintiff as of May 11, 2020. Twitter admits it announced an approach to misinformation on May 11, 2020. Twitter lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's characterization of his activity on Twitter. Twitter admits that Jack Dorsey was the CEO of Twitter in May 2020. Pursuant to 18 U.S.C. § 2702(a), Twitter cannot answer to the allegation that Jack Dorsey followed Plaintiff's Twitter account on May 11, 2020. To the extent Paragraph 80 contains additional allegations, those allegations consist of Plaintiff's characterizations of his allegations to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 80.

81.     Twitter admits that Brandon Borrman served as Twitter's Vice President of Global Communications on May 11, 2020. Twitter admits Mr. Borrman communicated with Plaintiff on May 11, 2020 and that Paragraph 81 accurately quotes portions of Mr. Borrman's May 11, 2020 message to Plaintiff, but takes the quoted material out of context. To the extent Paragraph 81 contains additional allegations, those allegations consist of Plaintiff's characterizations of his allegations to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 81.

82.     Twitter admits that Plaintiff sent a message to Mr. Borrman on May 11, 2020 and that Paragraph 82 accurately quotes portions of Plaintiff's May 11, 2020 message to Mr. Borrman, but takes the quoted material out of context. To the extent Paragraph 82 contains additional allegations, Twitter denies the remaining allegations in Paragraph 82.

83.     Twitter admits that Mr. Borrman sent a message to Plaintiff on May 12, 2020 and that Paragraph 83 accurately quotes portions of Mr. Borrman's  May 12, 2020 message to Plaintiff,

1    but takes the quoted material out of context. To the extent Paragraph 83 contains additional

2    allegations, Twitter denies the remaining allegations in Paragraph 83.

3        84.    Twitter admits that Mr. Borrman sent a message to Plaintiff on May 12, 2020 and

4    that Paragraph 84 accurately quotes portions of Mr. Borrman's  May 12, 2020 message to Plaintiff,

5    but takes the quoted material out of context. To the extent Paragraph 84 contains additional

6    allegations, those allegations consist of Plaintiff's characterizations of his allegations to which no

7    response is required. To the extent a response is required, Twitter denies the remaining allegations

8    in Paragraph 84.

9        85.    Twitter admits that Mr. Borrman sent a message to Plaintiff on May 12, 2020 and

10   that Paragraph 85 accurately quotes portions of Borrman's May 12, 2020 message to Plaintiff, but

11   takes the quoted material out of context. Twitter lacks knowledge or information sufficient to form

12   a belief about the truth of Plaintiff's allegation that "[w]hile Mr. Berenson certainly criticized the

13   laws Twitter's executive referred to in the e-mail, and reported on the underlying evidentiary basis

14   for them, at no relevant time did he encourage individuals to break those laws." To the extent

15   Paragraph 85 contains additional allegations, those allegations consist of Plaintiff's

16   characterizations of his allegations to which no response is required. To the extent a response is

17   required, Twitter denies the remaining allegations in Paragraph 85.

18       86.    Twitter admits that it employs counsel. Twitter denies the remaining allegations in

19   Paragraph 86.

20       87.    Twitter admits that Mr. Borrman and Plaintiff corresponded on May 25, 2020,

21   "regarding a 'dox' threat." Twitter admits that it did not attach any label to a Tweet by Plaintiff in

22   2020. Twitter denies that Mr. Borrman made any assurances to Plaintiff. To the extent Paragraph

23   87 contains additional allegations, those allegations consist of Plaintiff's characterizations of his

24   allegations to which no response is required. To the extent a response is required, Twitter denies

25   the remaining allegations in Paragraph 87.

26       88.    Twitter denies that it made any assurances to Plaintiff. Twitter lacks knowledge or

27   information sufficient to form a belief about the truth of the Plaintiff's allegations regarding his

28   time spent on Twitter or other platforms, and on that basis denies them. The remaining allegations

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-cv-09818-WHA

consist of Plaintiff's characterizations of his allegations to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 88.

89.     Twitter admits that the quoted materials in Paragraph 89 appear in the source cited, but have been taken out of their complete context. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 89, and on that basis denies them.

90.     Plaintiff's allegation that "Twitter was fully aware of Mr. Berenson's conflict with Amazon" is too vague for Twitter to confirm with certainty, and Twitter accordingly lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and on that basis denies it. On the same basis, Twitter denies that "[t]he company was also aware of the content of Mr. Berenson's pamphlets, which presented data and analysis undermining the case for government lockdown measures." Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 90, and on that basis denies them.

91.     Twitter admits that that on August 25, 2020, Plaintiff Tweeted that "'lockdowns have provably failed' and 'masks ... are even more useless,'" as well as the other content found in the Tweet pictured in Paragraph 91. Plaintiff does not allege the basis on which he alleges the likes or retweets associated with the Tweet, so Twitter lacks knowledge or information sufficient to form a belief as to the truth of that allegation and on that basis denies it. To the extent Paragraph 91 contains additional allegations, those allegations consist of Plaintiff's characterizations of his claims to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 91.

92.     Twitter admits that in November 2020, Plaintiff posted the Tweet referenced in Paragraph 92.  Plaintiff does not allege the basis on which he alleges the likes or retweets associated with the Tweet, so Twitter lacks knowledge or information sufficient to form a belief as to the truth of that allegation and on that basis denies it. To the extent Paragraph 92 contains additional allegations, those allegations consist of Plaintiff's characterizations of his allegations to which no response is required; to the extent a response is required, Twitter denies the remaining allegations in Paragraph 92.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

93.     Twitter admits that it did not affix labels to the Tweets referenced in Paragraphs 91 and 92. Twitter admits that Mr. Borrman stated that "[d]ebate over the effectiveness of those laws should continue," but the statement has been taken out of its complete context. Twitter denies that it made "specific, individualized prior assurances" that Mr. Berenson would not "see major change in how we are addressing things going forward" or any other topic. To the extent Paragraph 93 contains additional allegations, those allegations consist of Plaintiff's characterizations of his allegations to which no response is required; to the extent a response is required, Twitter denies the remaining allegations in Paragraph 93.

**VII.    With the advent of COVID-19 vaccines, Twitter announces new policies on misleading medical information, and the company gives further assurances to Mr. Berenson regarding his access to the platform**

94.     Twitter admits that Pfizer and BioNTech announced clinical trial results for their COVID-19 vaccine on November 9, 2020. Twitter admits that Plaintiff Tweeted regarding the Pfizer/BioNTech clinical trial on November 9, 2020, and that Paragraph 94 accurately quotes that Tweet but takes the quoted material outside of its complete context. Twitter lacks knowledge or information sufficient to form a belief about Plaintiff's personal views on vaccines or his "having taken vaccines himself and allowing his children to be vaccinated," and on that basis denies the allegation. The remaining allegations in Paragraph 94 consist of Plaintiff's characterizations of his allegations to which no response is required; to the extent a response is required, Twitter denies the allegations.

95.     Twitter admits that Moderna announced results related to its COVID-19 vaccine on November 16, 2020.  Twitter admits that Plaintiff Tweeted "[m]ore good topline vaccine news" and that this Tweet contained a link to an article in the *Washington Post*. . The remaining allegations in Paragraph 95 consist of Plaintiff's characterizations of his allegations to which no response is required; to the extent a response is required, Twitter denies the allegations.

96.     Twitter lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's characterization of "[t]he primary focus of [his] reporting throughout the rest of November and into early December 2020," and on that basis denies the allegation. Twitter admits that on December 11, 2020, Plaintiff Tweeted about the FDA's authorization of the

21

Pfizer/BioNTech vaccine. The remaining allegations in Paragraph 96 consist of Plaintiff's characterizations of his allegations to which no response is required; to the extent a response is required, Twitter denies the allegations.

97.    Twitter admits that the quoted materials in Paragraph 97 appear in the source cited, but have been taken out of their complete context. Twitter admits that the blog post at https://blog.twitter.com/en_us/topics/company/2020/covid19-vaccine was published on December 16, 2020 and reflects a policy regarding COVID-19 misleading information. To the extent Paragraph 97 contains additional allegations, Twitter denies the remaining allegations in Paragraph 97.

98.    Twitter admits that it announced a COVID-19 misleading information policy on December 16, 2020. Twitter admits that the quoted materials in Paragraph 98 appear in the source cited, but have been taken out of their complete context.  To the extent Paragraph 98 contains additional allegations, those allegations consist of Plaintiff's characterization of his allegations to which no response is required; to the extent a response is required, Twitter denies the remaining allegations in Paragraph 98.

99.    Twitter admits that the quoted materials in Paragraph 99 appear in the source cited, but have been taken out of their complete context. Twitter admits that it published a policy on COVID-19 misleading information on December 16, 2020. To the extent Paragraph 99 contains additional allegations, those allegations consist of Plaintiff's characterization of his allegations to which no response is required; to the extent a response is required, Twitter denies the remaining allegations in Paragraph 99.

100.    Twitter admits that the quoted materials in Paragraph 100 appear in the source cited, but have been taken out of their complete context. To the extent Paragraph 100 contains additional allegations, those allegations consist of Plaintiff's characterization of his allegations to which no response is required; to the extent a response is required, Twitter denies the remaining allegations in Paragraph 100.

101.    Twitter admits that the quoted materials in Paragraph 101 appear in the source cited, but have been taken out of their complete context. Twitter admits that it maintained a COVID-19

Cooley LLP
Attorneys at Law
San Francisco

22

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

misleading information policy that referred to "close coordination with trusted partners, including public health authorities, NGOS and governments." To the extent Paragraph 101 contains additional allegations, those allegations consist of Plaintiff's characterization of his allegations to which no response is required and pertain to dismissed claims regarding which no response is required; to the extent a response is required, Twitter denies the remaining allegations in Paragraph 101 and notes that the Court has dismissed Plaintiff's claim under the First Amendment.

102.    Twitter admits that Plaintiff contacted Mr. Borrman on December 17, 2020. Twitter admits that Paragraph 102 accurately quotes from Plaintiff's December 17, 2020 message to Mr. Borrman, but takes the quoted material out of its complete context. Twitter lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations regarding his motives for contacting Mr. Borrman. To the extent Paragraph 102 contains additional allegations, Twitter denies the remaining allegations in Paragraph 102.

103.    Twitter admits that Mr. Borrman contacted Plaintiff on December 17, 2020. Twitter admits that Paragraph 103 accurately quotes from Mr. Borrman's December 17, 2020 message to Plaintiff, but takes the quoted material out of its complete context. To the extent Paragraph 103 contains additional allegations, Twitter denies the remaining allegations in Paragraph 103.

104.    Twitter admits that Plaintiff Tweeted portions of his December 17, 2020 email communications with Mr. Borrman. Twitter lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations regarding his "forgoing the opportunity to build his following and presence on alternative platforms such as Telegram and Substack." Twitter denies that it profited from Plaintiff's coverage of COVID-19. To the extent Paragraph 104 contains additional allegations, Twitter denies the remaining allegations in Paragraph 104.

105.    Twitter admits that Plaintiff Tweeted the language quoted in Paragraph 105, but that these Tweets have been taken out of their complete context. Twitter lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations and characterizations that he "raised questions about side effects and the long-term efficacy of the shots" and "often linked to primary and secondary source materials from which he was drawing these conclusions." To the extent Paragraph 105 contains additional allegations, those allegations consist of Plaintiff's

Cooley LLP
Attorneys at Law
San Francisco

23

Defendant Twitter, Inc.'s Answer to
Plaintiff's Complaint
Case No. 3:21-cv-09818-WHA

characterizations of his allegations to which no response is required; to the extent a response is required, Twitter denies the remaining allegations in Paragraph 105.

106. Twitter admits that as of January 2021, it had not deleted or attached any label to Tweets by Plaintiff. Twitter denies giving "personal assurance" to Plaintiff. Twitter denies that Plaintiff "had no reason to believe the company would take action against his account or keep him from reporting on Twitter."

**VIII. Twitter introduces its new five-strike policy, reassures Mr. Berenson, and declines to "strike" any of his subsequent tweets**

107. Twitter admits that it announced a COVID-19 misleading information policy on March 1, 2021. Twitter admits that the quoted materials in Paragraph 107 appear in the source cited, but have been taken out of their complete context. Twitter admits that its COVID-19 misleading information policy provided that it may take action against users who violated the policy, including those who engaged in "five or more violations," without limitation of its authority to remove users or content for any or no reason. To the extent Paragraph 107 contains additional allegations, Twitter denies the remaining allegations in Paragraph 107.

108. Twitter admits that the quoted materials in Paragraph 108 appear in the source cited, but have been taken out of their complete context. Twitter admits that its COVID-19 misleading information policy allowed for a 12-hour ban for a user's second and third strikes, a one-week suspension for a fourth strike, and permanent suspension for a fifth strike. The allegation that "the company committed to giving users notice of the specific tweets violative of the policy" is Plaintiff's characterization of his allegations and a legal conclusion to which no response is required. To the extent a response is required, Twitter denies the allegation. To the extent Paragraph 108 contains additional allegations, Twitter denies the remaining allegations in Paragraph 108.

109. Twitter admits that Plaintiff contacted Mr. Borrman on March 2, 2021. Twitter admits that Paragraph 109 accurately quotes Plaintiff's March 2, 2021 message to Mr. Borrman, but takes the quoted material out of its complete context. Twitter lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations regarding his motives for

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

1    contacting Mr. Borrman. To the extent Paragraph 109 contains additional allegations, Twitter

2    denies the remaining allegations in Paragraph 109.

3            110.    Twitter admits that Mr. Borrman responded to Plaintiff on March 2, 2021. Twitter

4    admits that Paragraph 110 accurately quotes portions of Mr. Borrman's March 2, 2021 message to

5    Plaintiff, but takes the quoted material out of its complete context. Twitter denies that Twitter at

6    any point "assured Mr. Berenson that his work was not being targeted under Twitter's policies."

7    To the extent Paragraph 110 contains additional allegations, Twitter denies the remaining

8    allegations in Paragraph 110.

9            111.    Twitter admits that the quoted materials in Paragraph 111 appear in the source cited,

10   but have been taken out of their complete context. Twitter admits that Plaintiff posted the Tweet

11   whose image appears in Paragraph 111. Twitter lacks knowledge or information sufficient to form

12   a belief about the truth of Plaintiff's allegations that he published "his fourth Unreported Truths"

13   booklet on March 25, 2021 or regarding the contents of that booklet. Twitter lacks knowledge or

14   information sufficient to form a belief about the truth of Plaintiff's allegation that he "kept building

15   his Twitter following at the opportunity cost of time he could have spent on other platforms and

16   activities," and on that basis denies it. The allegation that Plaintiff "reasonably believe[ed] he had

17   no reason to fear censorship" is a legal conclusion to which no response is required. To the extent

18   a response is required, Twitter denies the allegation. Twitter denies that it provided express

19   encouragement to Plaintiff. To the extent Paragraph 111 contains additional allegations, Twitter

20   denies the remaining allegations in Paragraph 111.

21           112.    Twitter admits that it did not affix any label to any Tweet identified in Paragraph

22   111. Twitter admits that none of the Tweets identified in Paragraph 111 constituted a strike under

23   its COVID-19 misleading information policy. To the extent Paragraph 112 contains additional

24   allegations, Twitter denies the remaining allegations in Paragraph 112.

25           113.    Twitter admits that it labeled other Tweets by Plaintiff. Twitter admits that it labeled

26   "misleading" a March 15, 2021 Tweet by Plaintiff asserting that "the mRNA/LNP biotechnology .

27   . . is more properly described as a gene therapy than a vaccine." Twitter denies that this Tweet was

28   not misleading. To the extent Paragraph 113 contains additional allegations, those allegations

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25

**DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA**

consist of Plaintiff's characterizations and opinions of his claims to which no response is required; to the extent a response is required, Twitter denies the remaining allegations in Paragraph 113.

114.    Twitter admits that Plaintiff posted two Tweets regarding Chinese-made COVID-19 vaccines on or about May 29, 2021. Twitter admits that Plaintiff posted a Tweet purporting to analyze COVID-19 data on or about May 30, 2021. Twitter admits that Plaintiff posted a Tweet purporting to discuss a COVID-19 deaths on or about May 30, 2021. Twitter admits that Plaintiff posted a Tweet with a link to an article discussing organ transplants on or about July 7, 2021.

115.    Twitter admits that Plaintiff contacted Mr. Borrman regarding a Tweet posted on or about March 15, 2021. Twitter denies that Mr. Borrman "stated he would look into the matter." Twitter denies that Mr. Borrman made any "assurances" to Plaintiff. Twitter lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that he "believed the labeling could have been attributable to the company's use of algorithms, which Twitter was still honing," and on that basis denies it. To the extent Paragraph 115 contains additional allegations, Twitter denies the remaining allegations in Paragraph 115.

116.    Twitter admits that as of May 30, 2021 Twitter had not locked Plaintiff out of his account or take down his Tweets. Twitter admits that the language quoted in Paragraph 116 appears in the source referenced, but that this language is taken out of its complete context. Twitter lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations regarding his state of mind in using Twitter. Twitter denies that Mr. Borrman made any "assurances" to Plaintiff. Twitter denies that "none of Mr. Berenson's tweets up until that point had been labeled as a 'strike' under the five-strike policy." To the extent Paragraph 116 contains additional allegations, those allegations are Plaintiff's characterizations of his allegations to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 116.

117.    Twitter admits that the quoted materials in Paragraph 117 appear in the source cited, but have been taken out of their complete context. The remaining allegations in Paragraph 117 are legal conclusions to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 117.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

26

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

**IX.    Hours after President Joe Biden says social media companies are "killing people," and after other key federal government officials call for social media companies to censor content, Twitter locks Mr. Berenson's account for the first time**

118.    Twitter admits that the quoted materials in Paragraph 118 appear in the source cited, but have been taken out of their complete context. The additional allegations in Paragraph 118 are Plaintiff's characterizations of his allegations to which no response is required. To the extent a response is required, Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 118, and on that basis denies them. Twitter notes that the Court has dismissed Plaintiff's First Amendment claim.

119.    Twitter admits that the quoted materials in Paragraph 119 appear in the source cited, but have been taken out of their complete context. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and characterizations in paragraph 119, and on that basis denies them. Twitter notes that the Court has dismissed Plaintiff's First Amendment claim.

120.    Twitter admits that the quoted materials in Paragraph 120 appear in the source cited, but have been taken out of their complete context. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 120, and on that basis denies them. Twitter notes that the Court has dismissed Plaintiff's First Amendment claim.

121.    Twitter admits that the quoted materials in Paragraph 121 appear in the source cited, but have been taken out of their complete context. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 121, and on that basis denies them. Twitter notes that the Court has dismissed Plaintiff's First Amendment claim.

122.    Twitter is unable to determine the document or occasion to which Paragraph 122 refers, and so cannot respond to its allegations regarding statements by Press Secretary Jen Psaki. Twitter is unable to determine the scope of Plaintiff's reference to "the federal government" and "problematic posts," and thus lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations that "in or around July 2021, the federal government also flagged 'problematic posts' for Twitter, including posts by Mr. Berenson." To the extent Paragraph 122

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

contains additional allegations, Twitter denies the remaining allegations in Paragraph 122. Twitter notes that the Court has dismissed Plaintiff's First Amendment claim.

123.    Twitter is unable to determine the document or occasion to which Paragraph 123 refers, and so cannot respond to its allegations regarding statements by Press Secretary Jen Psaki. To the extent Paragraph 123 contains additional allegations, Twitter denies the remaining allegations in Paragraph 123. Twitter notes that the Court has dismissed Plaintiff's First Amendment claim.

124.    Twitter admits that the quoted materials in Paragraph 124 appear in the source cited, but have been taken out of their complete context. The remainder of Paragraph 124 consists of Plaintiff's characterizations of his allegations to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 124. Twitter notes that the Court has dismissed Plaintiff's First Amendment claim.

125.    Twitter admits that Paragraph 125 accurately quotes the web page at https://www.whitehouse.gov/briefing-room/press-briefings/2021/07/16/press-briefing-by-press-secretary-jen-psaki-july-16-2021/. To the extent Paragraph 125 contains additional allegations, Twitter denies the remaining allegations in Paragraph 125. Twitter notes that the Court has dismissed Plaintiff's First Amendment claim.

126.    Twitter admits that the quoted materials in Paragraph 126 appear in the sources cited, but have been taken out of their complete context.  To the extent Paragraph 126 alleges coordination between Dr. Anthony Fauci and President Biden regarding Plaintiff or other subjects, Twitter lacks knowledge or information sufficient to form a belief about the truth of such allegations, and on that basis denies such allegations. To the extent Paragraph 126 contains additional allegations, Twitter denies the remaining allegations in Paragraph 126. Twitter notes that the Court has dismissed Plaintiff's First Amendment claim.

127.    Twitter admits that on July 16, 2021, Twitter temporarily suspended Plaintiff's Twitter account. Twitter admits that the Tweets associated with this suspension constituted Plaintiff's second strike. Due to technical restrictions on Twitter's ability to access data regarding notifications to users, Twitter presently lacks knowledge or information sufficient to form a belief

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

28

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

as to the truth of Plaintiff's allegation that Twitter did not give notice to Plaintiff before temporarily locking his account or designating his Tweets as strikes. Twitter denies the remaining allegations in Paragraph 127. Twitter notes that the Court has dismissed Plaintiff's First Amendment claim.

128.    Twitter admits that the quoted materials in Paragraph 128 appear in the source cited, but have been taken out of their complete context. To the extent Paragraph 128 contains additional allegations, those allegations consist of Plaintiff's characterization of his allegations to which no response is required; to the extent a response is required Twitter denies the remaining allegations in Paragraph 128. Twitter notes that the Court has dismissed Plaintiff's First Amendment claim.

129.    Twitter admits that the quoted materials in Paragraph 129 appear in the source cited, but have been taken out of their complete context. Twitter denies the remaining allegations and characterizations in Paragraph 129. Twitter notes that the Court has dismissed Plaintiff's First Amendment claim.

130.    Twitter admits that the quoted materials in Paragraph 130 appear in the source cited, but have been taken out of their complete context. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 130, and on that basis denies them. Twitter notes that the Court has dismissed Plaintiff's First Amendment claim.

131.    Twitter admits that the quoted materials in Paragraph 131 appear in the source cited, but have been taken out of their complete context. The remaining allegations in Paragraph 131 are legal conclusions to which no response is required; to the extent a response is required, Twitter denies these allegations. Twitter notes that the Court has dismissed Plaintiff's First Amendment claim.

## X.    Twitter permanently suspends Mr. Berenson, violating its rules and breaking its prior promises in the process

132.    Twitter admits that its Terms of Service govern the legal relationship between Twitter and account holders. Twitter admits that the quoted materials in Paragraph 131 appear in the source cited, but have been taken out of their complete context. The remaining allegations in Paragraph 132 consist of Plaintiff's characterization of his allegations and legal conclusions to which no response is required. To the extent a response is required, Twitter denies these allegations.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

29

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

133.     Twitter admits that its Terms afford it the right to "suspend or terminate [a user's] account or cease providing [a user] with all or part of the Services at any time for any or no reason, including, but not limited to, if we reasonably believe: (i) [a user] ha[s] violated these Terms or the Twitter Rules and Policies." Twitter admits that it did not include citations to its Terms in its communications with Plaintiff regarding his suspension.

134.     Paragraph 134 contains legal conclusions to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 134.

135.     Twitter admits that the quoted materials in Paragraph 135 appear in the source cited, but have been taken out of their complete context. Twitter admits that NBC, Fox Business, and other media outlets reported on Plaintiff's suspension. Twitter lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation regarding how he gained knowledge of the basis for his suspension. Twitter denies that "Twitter's permanent suspension of [Plaintiffs'] account was not based on any violation of the Terms." To the extent Paragraph 135 contains additional allegations, Twitter denies the remaining allegations in Paragraph 135.

136.     Twitter admits that the quoted materials in Paragraph 136 appear in the source cited, but have been taken out of their complete context. Twitter admits that its COVID-19 misinformation policy was issued after the Terms and incorporated by reference into the Terms. The remainder of Paragraph 136 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 136.

137.     Twitter lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation regarding his awareness of "which [T]weet was his first strike." Twitter admits that the quoted materials in Paragraph 137 appear in the source cited, but have been taken out of their complete context. Twitter admits that the Tweet discussed and pictured in Paragraph 137 constituted a strike under Twitter's COVID-19 misinformation policy. To the extent Paragraph 137 contains additional allegations, those allegations consist of Plaintiff's characterizations of his allegations to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 137.

Cooley LLP
Attorneys at Law
San Francisco

30

Defendant Twitter, Inc.'s Answer to
Plaintiff's Complaint
Case No. 3:21-cv-09818-WHA

138.   Due to technical restrictions on Twitter's ability to access data regarding notifications to users, Twitter presently lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that Twitter did not provide notice to Plaintiff before labeling content he posted on July 16, 2021. Twitter admits that the Tweet linked in Plaintiff's July 16, 2021 link was not labeled misleading. Twitter admits that it did not label any Tweet by Plaintiff "two days prior to strike two." Twitter denies that it provided "assurances" to Plaintiff. Twitter denies that "Berenson's reporting in this tweet was much like the reporting Twitter was previously aware of and did not object to." The allegations that "[t]he [T]weet did not violate Twitter's policy" and that Plaintiff "tweeted his opinion, and the policy expressly provides for protection of opinion" are legal conclusions and opinions to which no response is required. To the extent a response is required, Twitter denies these allegations.

139.   Due to technical restrictions on Twitter's ability to access data regarding notifications to users, Twitter presently lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that Twitter did not provide notice to Plaintiff prior to locking his account on July 27, 2021. Twitter admits that it suspended Plaintiff for twelve hours on July 27, 2021 following a strike under Twitter's COVID-19 misleading information policy. To the extent Paragraph 139 contains additional allegations, Twitter denies those allegations.

140.   Twitter admits the allegations in Paragraph 140.

141.   Twitter admits that the quoted materials in Paragraph 141 appear in the source cited, but have been taken out of their complete context. The remaining allegations in Paragraph 141 are opinion and Plaintiff's characterizations of his allegations to which no response is required; to the extent a response is required, Twitter denies the allegations.

142.   Twitter lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in Paragraph 142 regarding his interpretation of the referenced clinical trial or the intended meaning of the Tweet referenced in Paragraph 142, and on that basis denies them.

143.   Twitter admits that the quoted materials in Paragraph 143 appear in the source cited, but have been taken out of their complete context. Twitter lacks knowledge or information

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

31

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

sufficient to form a belief about the truth of the remaining allegations and characterizations in Paragraph 143, and on that basis denies them.

144.     Twitter admits that it permanently suspended Plaintiff on August 28, 2021. Twitter admits that Plaintiff's Tweet whose image appears in Paragraph 144 constituted a strike under Twitter's COVID-19 misleading information policy. Due to technical restrictions on Twitter's ability to access data regarding notifications to users, Twitter presently lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that Twitter did not give notice to Plaintiff regarding the basis for his suspension. Twitter denies the remaining allegations in Paragraph 144.

145.     Twitter admits that the quoted materials in Paragraph 145 appear in the source cited, but have been taken out of their complete context. Twitter admits Dr. Anthony Fauci stated that vaccinated persons can contract and spread COVID-19. The remaining allegations in Paragraph 145 consist of Plaintiff's opinions, characterizations, and legal conclusions,  to which no response is required. To the extent a response is required, Twitter denies these allegations.

146.     Twitter admits that the quoted materials in Paragraph 146 appear in the source cited, but have been taken out of their complete context. The remaining allegations in Paragraph 146 consist of Plaintiff's characterizations of his allegations to which no response is required. To the extent a response is required, Twitter denies the remaining allegations in Paragraph 146.

147.     Twitter admits that the quoted materials in Paragraph 147 appear in the source cited, but have been taken out of their complete context. Twitter admits that it revised its COVID-19 misleading information policy on December 10, 2021 and December 16, 2021. Twitter denies that the Tweet referenced in Paragraph 147 did not violate Twitter's COVID-19 misleading information policy. The remaining allegations in Paragraph 147 consist of Plaintiff's opinions, characterizations, and legal conclusions regarding his allegations to which no response is required; to the extent a response is required, Twitter denies these allegations.

148.     Twitter admits that the quoted materials in Paragraph 148 appear in the source cited, but have been taken out of their complete context. The remaining allegations in Paragraph 148

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-cv-09818-WHA

consist of Plaintiff's characterizations of his allegations, to which no response is required; to the extent a response is required, Twitter denies these allegations.

149.    Twitter admits that the quoted materials in Paragraph 149 appear in the sources cited, but have been taken out of their complete context. To the extent Paragraph 149 contains additional allegations, those allegations consist of Plaintiff's characterizations of his allegations to which no response is required; to the extent a response is required, Twitter denies those allegations.

150.    Paragraph 150 consists of Plaintiff's opinions, characterizations, and legal conclusions regarding his claims, to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 150.

151.    Due to technical restrictions on Twitter's ability to access data regarding notifications to users, Twitter presently lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that Twitter did not provide notice to Plaintiff before issuing his fifth strike and permanent suspension regarding content he posted on August 28, 2021. Twitter admits that Brendan Borrman stated to Plaintiff, "your name has never come up in the discussions around these policies," but that the quoted material is taken out of its complete context. Twitter denies "knowledge, consent, and apparent approval" of Plaintiff's prior Tweets. The remaining allegations in Paragraph 151 consist of Plaintiff's legal conclusions and characterizations of his claims to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 151.

152.    Twitter admits that the quoted materials in Paragraph 152 appear in the sources cited, but have been taken out of their complete context. Twitter denies the remaining allegations in Paragraph 152.

153.    Twitter denies that Plaintiff "did not violate Twitter's COVID-19 rules." The remaining allegations in Paragraph 153 are legal conclusions to which no response is required. To the extent a response is required, Twitter denies these allegations.

154.    Due to technical restrictions on Twitter's ability to access data regarding Tweet impressions and follower counts, Twitter presently lacks knowledge or information sufficient to

Cooley LLP
Attorneys at Law
San Francisco

33

Defendant Twitter, Inc.'s Answer to
Plaintiff's Complaint
Case No. 3:21-cv-09818-WHA

form a belief as to the truth of Plaintiff's allegations regarding those subjects and on that basis denies them. Twitter denies the remaining allegations in Paragraph 154.

155.    Twitter admits that the quoted materials in Paragraph 155 appear in the sources cited, but have been taken out of their complete context. Twitter admits that media outlets use Twitter. The remaining allegations in Paragraph 155 consist of Plaintiff's legal conclusions and characterizations of his claims to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 155.

156.    Paragraph 156 contains Plaintiff's opinions, characterizations, and legal conclusions regarding his claims to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 156.

### CLAIMS FOR RELIEF

### COUNT 1
### VIOLATION OF THE FIRST AMENDMENT
### Free Speech Clause
### Petition Clause
### U.S. Const. Amend. I

157.    Twitter incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

158.    Paragraph 158 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under the First Amendment.

159.    Paragraph 159 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under the First Amendment.

160.    Paragraph 160 contains legal conclusions to which no response is required.  To the extent a response is required, Twitter denies these allegations. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under the First Amendment.

161.    Paragraph 161 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under the First Amendment.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

34

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

162.    Paragraph 162 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under the First Amendment.

163.    Paragraph 163 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under the First Amendment.

164.    Paragraph 164 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under the First Amendment.

## COUNT II
## FEDERAL FALSE ADVERTISING AND UNFAIR COMPETITION
### Lanham Act § 43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B)

165.    Twitter incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

166.    Paragraph 166 contains legal conclusions to which no response is required; to the extent a response is required, Twitter denies these allegations.  Furthermore, no response is required because the Court has dismissed Plaintiff's claim under the Lanham Act.

167.    No response to Paragraph 167 is required because it contains legal conclusions and because the Court has dismissed Plaintiff's claim under the Lanham Act. To the extent a response is required, Twitter denies the allegations in Paragraph 167.

168.    No response to Paragraph 168 is required because it contains legal conclusions and because the Court has dismissed Plaintiff's claim under the Lanham Act. To the extent a response is required, Twitter denies the allegations in Paragraph 168.

169.    No response to Paragraph 169 is required because it contains legal conclusions and because the Court has dismissed Plaintiff's claim under the Lanham Act. To the extent a response is required, Twitter denies the allegations in Paragraph 169. Furthermore, Paragraph 169 contains legal conclusions to which no response is required.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

170.    Paragraph 170 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under the Lanham Act.

171.    Paragraph 171 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under the Lanham Act.

## COUNT III
## VIOLATION OF CALIFORNIA COMMON CARRIER LAW
### Cal. Civ. Code §§ 2168, 2169, 2209

172.    Twitter incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

173.    Paragraph 173 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under California's Common Carrier statutes. To the extent a response is required, Twitter denies the allegations in Paragraph 173.

174.    Paragraph 174 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under California's Common Carrier statutes. To the extent a response is required, Twitter denies the allegations in Paragraph 174.

175.    Paragraph 175 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under California's Common Carrier statutes. To the extent a response is required, Twitter denies the allegations in Paragraph 175.

176.    Paragraph 176 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under California's Common Carrier statutes. To the extent a response is required, Twitter denies the allegations in Paragraph 176.

177.    Twitter admits the allegations in Paragraph 177 as they pertain to the Terms that governed Plaintiff's use of Twitter at all relevant times.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

36

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

178.    No response to Paragraph 178 is required because the Court has dismissed Plaintiff's claim under California's Common Carrier statutes. To the extent a response is required, Twitter denies the allegations in Paragraph 178.

179.    No response to Paragraph 179 is required because the Court has dismissed Plaintiff's claim under California's Common Carrier statutes and because Paragraph 179 contains legal conclusions to which no response is required. To the extent a response is required, Twitter denies these allegations.

180.    Paragraph 180 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under California's Common Carrier statutes. To the extent a response is required, Twitter denies the allegations in Paragraph 180.

181.    Paragraph 181 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under California's Common Carrier statutes. To the extent a response is required, Twitter denies the allegations in Paragraph 181.

182.    Paragraph 182 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under California's Common Carrier statutes.

183.    Paragraph 183 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under California's Common Carrier statutes. To the extent a response is required, Twitter denies the allegations in Paragraph 183.

184.    Paragraph 184 contains legal conclusions to which no response is required; to the extent a response is required, Twitter denies these allegations. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under California's Common Carrier statutes.

185.    Paragraph 185 contains legal conclusions to which no response is required; to the extent a response is required, Twitter denies these allegations. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under California's Common Carrier statutes.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

37

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

1

**COUNT IV**
**VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**
**Cal. Bus. & Professions Code §§ 17200 et seq.**

2

3       186.     Twitter incorporates by reference its answers to the preceding paragraphs as if fully

4   set forth herein.

5       187.     Paragraph 187 contains legal conclusions to which no response is required.

6   Furthermore, no response is required because the Court has dismissed Plaintiff's UCL claim.

7       188.     Paragraph 188 contains legal conclusions to which no response is required; to the

8   extent a response is required, Twitter denies these allegations. Furthermore, no response is required

9   because the Court has dismissed Plaintiff's UCL claim.

10      189.     Paragraph 189 contains legal conclusions to which no response is required.

11  Furthermore, no response is required because the Court has dismissed Plaintiff's UCL claim. To

12  the extent a response is required, Twitter denies the allegations in Paragraph 189.

13      190.     Paragraph 190 contains legal conclusions to which no response is required.

14  Furthermore, no response is required because the Court has dismissed Plaintiff's UCL claim.

15      191.     Paragraph 191 contains legal conclusions to which no response is required.

16  Furthermore, no response is required because the Court has dismissed Plaintiff's UCL claim.

17      192.     Paragraph 192 contains legal conclusions to which no response is required.

18  Furthermore, no response is required because the Court has dismissed Plaintiff's UCL claim.  To

19  the extent a response is required, Twitter denies the allegations in Paragraph 192.

20      193.     Paragraph 193 contains legal conclusions to which no response is required.

21  Furthermore, no response is required because the Court has dismissed Plaintiff's UCL claim.  To

22  the extent a response is required, Twitter denies the allegations in Paragraph 193.

23      194.     Paragraph 194 contains legal conclusions to which no response is required.

24  Furthermore, no response is required because the Court has dismissed Plaintiff's UCL claim.  To

25  the extent a response is required, Twitter denies the allegations in Paragraph 194.

26      195.     Paragraph 195 contains legal conclusions to which no response is required.

27  Furthermore, no response is required because the Court has dismissed Plaintiff's UCL claim.  To

28  the extent a response is required, Twitter denies the allegations in Paragraph 195.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

38

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

196.    Paragraph 196 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's UCL claim. To the extent a response is required, Twitter denies the allegations in Paragraph 196.

197.    Paragraph 197 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's UCL claim. To the extent a response is required, Twitter denies the allegations in Paragraph 197.

**COUNT V**
**BREACH OF CONTRACT**

198.    Twitter incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

199.    Twitter admits that its Terms and the Rules incorporated therein, including the COVID-19 misleading information policy, constitute a binding contract between Plaintiff and Twitter.

200.    Paragraph 200 contains legal conclusions to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 200.

201.    Paragraph 201 contains legal conclusions to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 201.

202.    Paragraph 202 contains legal conclusions to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 202.

203.    Paragraph 203 contains legal conclusions to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 203.

204.    Twitter denies the allegations in Paragraph 204.

205.    Paragraph 205 contains legal conclusions to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 205.

206.    Twitter denies the allegations in Paragraph 206.

207.    Paragraph 207 contains legal conclusions to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 207.

Cooley LLP
Attorneys at Law
San Francisco

39

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

208.    Paragraph 208 contains legal conclusions to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 208.

## COUNT VI
## PROMISSORY ESTOPPEL

209.    Twitter incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

210.    Paragraph 210 contains legal conclusions, characterizations, and opinions, to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 210.

211.    Paragraph 211 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 211, including the allegation that Twitter made any "specific, personal promises" to Plaintiff.

212.    Twitter denies the allegations in Paragraph 212.

213.    Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 213, and on that basis denies them.

214.    Paragraph 214 contains legal conclusions to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 214.

215.    Paragraph 215 contains legal conclusions to which no response is required. To the extent a response is required, Twitter denies the allegations in Paragraph 215.

## COUNT VII
## VIOLATION OF CALIFORNIA CONSTITUTION
### Free Speech Clause
### Petition Clause
### Cal. Const. art. I, §§ 2, 3

216.    Twitter incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

217.    Paragraph 217 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under the California Constitution.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

40

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

218.    Paragraph 218 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under the California Constitution. To the extent a response is required, Twitter denies the allegations in Paragraph 218.

219.    Paragraph 219 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under the California Constitution. To the extent a response is required, Twitter denies the allegations in Paragraph 219.

220.    Paragraph 220 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under the California Constitution. To the extent a response is required, Twitter denies the allegations in Paragraph 220.

221.    Paragraph 221 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under the California Constitution. To the extent a response is required, Twitter denies the allegations in Paragraph 221.

222.    Paragraph 222 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under the California Constitution. To the extent a response is required, Twitter denies the allegations in Paragraph 222.

223.    Paragraph 223 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim under the California Constitution. To the extent a response is required, Twitter denies the allegations in Paragraph 223.

**COUNT VIII**
**UNJUST ENRICHMENT**

224.    Twitter incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

41

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

225.   No response to Paragraph 225 is required because the Court has dismissed Plaintiff's claim for unjust enrichment. To the extent a response is required, Twitter admits that it permanently suspended Plaintiff for violating Twitter's COVID-19 misleading information policy.

226.   No response to Paragraph 226 is required because the Court has dismissed Plaintiff's claim for unjust enrichment. To the extent a response is required, Twitter denies the allegations in Paragraph 226.

227.   Paragraph 227 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim for unjust enrichment. To the extent a response is required, Twitter denies the allegations in Paragraph 227.

228.   Paragraph 228 contains legal conclusions to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's claim for unjust enrichment. To the extent a response is required, Twitter denies the allegations in Paragraph 228.

## PRAYER FOR RELIEF

The Complaint's prayer for relief asserts legal conclusions to which no response is required. To the extent a response is required, Twitter denies that Plaintiff is entitled to any form of relief or recovery for the allegations set forth in the Complaint.

## <u>DEFENSES</u>

Without assuming any burden of proof, production, or persuasion not otherwise legally assigned to Twitter as to any element of Plaintiff's claims, and without knowingly or intentionally waiving any applicable affirmative defense, Twitter asserts the following defenses:

### FIRST DEFENSE

### (Communications Decency Act Section 230 (47 U.S.C. § 230))

229.   Section 230 of the Communications Decency Act protects media platforms when they exercise "a publisher's traditional editorial functions" such as "deciding whether to publish, *withdraw*, postpone, or alter content," *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (2009) (emphasis added) (citation omitted), or determining "whether or not to prevent" content from being posted, *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1170 (9th Cir. 2008) (en banc).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

42

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

230.    In particular, Section 230(c)(1) bars any claim where: "(1) Defendant is a provider or user of an interactive computer service; (2) the information for which Plaintiff seeks to hold Defendant liable is information provided by another information content provider; and (3) Plaintiff's claim seeks to hold Defendant liable as the publisher or speaker of that information." *Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1092-93 (N.D. Cal. 2015) (citation and internal quotation marks omitted).  And Section 230(c)(2) independently bars any claim that seeks to hold an "interactive computer service" liable "on account of . . . any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected[.]"  47 U.S.C. 230(c)(2).

231.    Accordingly, any claim that seeks to hold a defendant liable for exercising traditional editorial functions is barred, no matter the legal theory on which it proceeds.  *Barnes*, 570 F.3d at 1101-02 ("[W]hat matters is not the name of the cause of action . . . what matters is whether the cause of action inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another.").

232.    Twitter is an interactive computer service.

233.    Plaintiff's breach of contract and promissory estoppel claims each seek to hold Defendant liable for information provided by another content provider.

234.    Plaintiff's breach of contract claim is barred by Section 230. Regardless of whether Twitter's decision to suspend Plaintiff's account and/or remove content was based on its complete discretion under Section 4 of the Twitter Terms of Service ("Terms"), or whether (via a theory of contract modification) its discretion in removing content was governed by application of the Twitter Rules (here, its COVID-19 misinformation policy), Plaintiff's Complaint seeks to hold Twitter liable for its decision to remove and/or suspend content. That decision is core publishing activity. *See Murphy v. Twitter, Inc.*, 60 Cal. App. 5th 12, 35 (2021) (breach of contract claims based on Twitter's suspension of accounts "necessarily fail[] . . . because Twitter's terms of service expressly state that they reserve the right to 'suspend or terminate [users'] accounts . . . for any or no reason' without liability." (citation omitted)); *see also King v. Facebook, Inc.*, 2021 WL 5279823, at *13

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

43

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

(N.D. Cal. Nov. 12, 2021) (breach of contract claim precluded by Section 230 where "all that [the ICS] did here was to incorporate into the contract (the Terms of Service) its right to act as a publisher").

235.    Plaintiff's promissory estoppel claim is likewise barred by Section 230.  As an initial matter, Plaintiff has not alleged that Twitter made an "clear and unambiguous promise" under California law sufficient to give rise to a promissory estoppel claim, *Lange v. TIG Ins. Co.*, 68 Cal. App. 4th 1179, 1185-86 (1999), let alone "a specific representation directly to [Plaintiff] that they would not remove content from their platform," *Murphy*, 60 Cal. App. 5th at 39.  Moreover, Plaintiff's promissory estoppel, at bottom, seeks to hold an interactive computer service liable for its decision to label and remove content. Twitter's COVID-19 Misinformation Policies as well as statements interpreting that policy are judgments by Twitter as to what content met its applicable editorial standards. Decisions about what content did or did not meet those editorial standards is fundamentally publishing activity squarely within the ambit of Section 230. Plaintiff's claim–no matter how he styles it–therefore seeks to hold Twitter liable for acting as a publisher and for core editorial activity and is barred.  *Id*. at 26-28 (noting that plaintiffs may not "avoid[] the broad immunity of section 230 through the creative pleading of barred claims or using litigation strategy to accomplish indirectly what Congress has clearly forbidden them to achieve directly" (cleaned up)).

236.    Twitter acted in good faith in labeling and restricting access to content, including but not limited to interpreting and applying in good faith any editorial standards. Twitter determined that any material that it labeled or to which it restricted access was, among other things, objectionable.

237.    Section 230 bars each of Plaintiff's breach of contract and promissory estoppel claims.

/ / /

/ / /

/ / /

/ / /

Cooley LLP
Attorneys at Law
San Francisco

44

Defendant Twitter, Inc.'s Answer to
Plaintiff's Complaint
Case No. 3:21-cv-09818-WHA

SECOND DEFENSE

**(First Amendment)**

238.     Twitter exercises editorial discretion over the user-generated content posted on its platform. Pursuant to the Twitter Terms that each account holder agrees to, Twitter may suspend or limit use of the Platform at any time, for any or no reason.  In exercising this discretion, Twitter seeks to foster a public conversation where all people can participate safely.

239.     To further that end, Twitter maintains various rules and policies (the "Rules") regarding the content that users may post to the platform. In addition to prohibiting misinformation of the kind Plaintiff Tweeted, Twitter does not allow users to post content that, for example, "threaten violence," "could bring harm to crisis-affected populations," or reveal "other people's private information." Twitter reserves the right to take enforcement actions to ensure compliance with these rules.

240.     Twitter's exercise of its editorial judgment in deciding what kind of content to publish on its private platform, is a critical feature of its business.

241.     These editorial choices are protected by the First Amendment. There can be no dispute that the Constitution guarantees publishers the right to "exercise . . . editorial control and judgment." *Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 258 (1974). "Like a newspaper or a news network, Twitter makes decisions about what content to include, exclude, moderate, filter, label, restrict, or promote, and those decisions are protected by the First Amendment." *O'Handley v. Padilla*, __ F. Supp. 3d __, 2022 WL 93625, at *14 (N.D. Cal. Jan. 10, 2022).

242.     Plaintiff's requested relief infringes on this First Amendment right. An injunction from this Court requiring Twitter to host Plaintiff's content against its will and at the direction of the Court would countermand Twitter's editorial decisions, depriving it of the Constitutional right to determine what content it does and does not publish. Likewise, an award of money damages penalizing Twitter for exercising its rights would violate the First Amendment and impermissibly chill Twitter's future exercise of its rights and would, therefore also violate the First Amendment.

243.     Accordingly, the First Amendment bars either an award of damages or an injunction. No relief is available to Plaintiff.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

45

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

**THIRD DEFENSE**

**(Failure to Mitigate)**

244.    Plaintiff has long had notice that Twitter's Terms permitted Twitter to deactivate Plaintiff's account or delete content he posted at any time, for any reason, from the day Plaintiff joined Twitter in 2009.

245.    Twitter also announced various Rules and policies regarding content related to COVID-19 after the pandemic began in 2020. Plaintiff read, understood, and was aware of each of these policies, which provided that Twitter may remove, label, and otherwise take action against misleading information about COVID-19 and accounts that spread such information. Plaintiff admits that he wrote to Twitter regarding these policies on May 12, 2020; December 17, 2020; March 2, 2021; and March 14, 2021, demonstrating his awareness of them. Indeed, in Plaintiff's March 2, 2021 message to Twitter, he revealed that he anticipated Twitter might take action against his account, writing that he "hope[d] you will let me know and give me a chance to respond . . . before taking any action."

246.    Twitter never promised or represented to Plaintiff that he would be permitted to remain on the platform indefinitely, to post whatever material he wanted, or that his content would be viewed in a certain way under the Twitter Rules.

247.    Further, Twitter began labeling Plaintiff's content as misleading at least as early as March 14, 2021, when it flagged a Tweet he authored asserting that certain COVID-19 vaccines were "more properly described as a gene therapy."

248.    Accordingly, Plaintiff was provided with additional notice at least as early as March 14, 2021 that Twitter could restrict or otherwise suspend his account for misinformation, and that such restrictions or suspensions were reasonably foreseeable.

249.    Based on Plaintiff's allegations in his Complaint, Plaintiff forewent publicizing his content or building an online presence on other platforms. He "did not seriously attempt to build alternate venues for his reporting before late May 2021," choosing to rely on Twitter instead. Compl. ¶ 4. Twitter took no actions to induce such reliance nor would any such reliance have been reasonable.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

46

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

250.     Numerous other avenues were available to Plaintiff to sell publications and garner interest in his writing and opinions, including without limitation social media sites like Telegram, Medium, Reddit, and Facebook; Amazon.com and Substack, where Plaintiff currently sells publications; and television outlets like Fox News, where Plaintiff is now a contributor.

251.     By continuing to use Twitter and declining to expand his alleged readership through other means after Twitter began flagging his content as misleading, Plaintiff failed to timely act to mitigate any damages he suffered as a result of Twitter's alleged actions. Twitter's liability to Plaintiff, if any, is accordingly reduced by the amount to which Plaintiff could have mitigated these damages by timely acting.

**FOURTH DEFENSE**

**(Limitation of Liability)**

252.     In 2009, Plaintiff agreed to the Terms as a binding contract. The Terms provided that by "continuing to access or use the Services after [subsequent] revisions become effective, [users] agree to be bound by the revised Terms."

253.     As Plaintiff continued to use Twitter in subsequent years, he accepted revisions to the Terms by his continued use. *See Cavalry SPV I, LLC v. Watkins*, 36 Cal. App. 5th 1070, 1081 (2019).

254.     The Terms provided at all relevant times that "THE TWITTER ENTITIES SHALL NOT BE LIABLE FOR ANY INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL OR PUNITIVE DAMAGES, OR ANY LOSS OF PROFITS OR REVENUES, WHETHER INCURRED DIRECTLY OR INDIRECTLY, OR ANY LOSS OF DATA, USE, GOODWILL, OR OTHER INTANGIBLE LOSSES, RESULTING FROM (i) YOUR ACCESS TO OR USE OF OR INABILITY TO ACCESS OR USE THE SERVICES" based on "ANY THEORY OF LIABILITY, WHETHER BASED ON WARRANTY, CONTRACT, STATUTE, TORT (INCLUDING NEGLIGENCE) OR OTHERWISE."

255.     Plaintiff contends that Twitter is liable to him for damages arising out of his lost sales and readership based on Twitter's labeling of his Tweets and suspension of his account. These categories of damages are based at least on lost "profits or revenues" and "goodwill." To the extent

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

47

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA

Plaintiff seeks other damages, including punitive damages or other direct or consequential damages, those are also encompassed by the Terms' limitation of liability clause.

256.    Plaintiff's request for money damages arises out of his "access to or use" of Twitter and "inability to access or use" Twitter, namely Twitter's labeling of his Tweets and subsequent suspension of his account.

257.    Plaintiff's claims for damages on both his promissory estoppel and breach of contract claims are accordingly barred by his contractual agreement to limit Twitter's liability.

## FIFTH DEFENSE

## (Lack of Subject Matter Jurisdiction)

258.    Twitter incorporates the foregoing paragraphs as if fully set forth herein.

259.    Plaintiff's request for injunctive relief is barred by the First Amendment, and thus the injunctive relief he seeks is valueless.

260.    Plaintiff's request for money damages is barred by his contractual limitation of liability and by the First Amendment, so the monetary relief he seeks is valueless.

261.    Even if they were not barred by his contractual limitation of liability and the First Amendment, the damages Plaintiff seeks are speculative, cannot be proven, and are subject to being offset due to Plaintiff's failure to mitigate his damages.

262.    Accordingly, the amount in controversy in this action falls below $75,000, depriving this Court of diversity jurisdiction under 28 U.S.C. § 1332(a).

## DEMAND FOR JURY TRIAL

Twitter demands a jury trial on any claims or defenses for which such right is afforded.

Dated: May 20, 2022                          COOLEY LLP


By: */s/ Kathleen R. Hartnett*
Kathleen R. Hartnett

Attorney for Defendant
TWITTER, INC.

269373753

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

48

DEFENDANT TWITTER, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:21-CV-09818-WHA